John E. Walker, SBN: 166270
E-Mail: jwalker@sacrowalker.com
Jennifer Yu Sacro, SBN: 208988
E-Mail: jsacro@sacrowalker.com
SACRO & WALKER LLP
701 North Brand Boulevard, Suite 800
Glendale, California 91203
Tel.: (818) 721-9597; Fax: (818) 721-9670

Attorneys for Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Corporation,<br><br>     Plaintiff,<br><br>v.<br><br>DR. STEWART LUCAS MURREY, an individual; SHERYL A. MARTINEZ; an individual; and STEVE CLARKE, an individual,<br><br>     Defendants. | Case No. 2:18-cv-06880<br><br>**PLAINTIFF THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S COMPLAINT IN INTERPLEADER** |

Plaintiff, The Prudential Insurance Company of America ("Prudential"), by and through its undersigned attorneys, for its Complaint in Interpleader alleges as follows:

**PARTIES**

1.  Prudential is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey. Prudential is duly authorized to do business in the State of California.

2. Upon information and belief, Defendant Dr. Stewart Lucas Murrey is an adult citizen of California domiciled in Los Angeles County, California.

3. Upon information and belief, Defendant Sheryl A. Martinez is an adult citizen of Oklahoma and domiciled in Muskogee County, California

4. Upon information and belief, Defendant Steve Clarke is an adult citizen of California domiciled in Los Angeles County, California.

**JURISDICTION AND VENUE**

5. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C §1132 (a)(2) and (e) of the Employee Retirement Income Security Act of 1974 ("ERISA"), which gives the District Court jurisdiction to hear civil actions relating to benefits due under the terms of an employee welfare benefit plan brought by, among other parties, a fiduciary. The group life insurance policy at issue in this action is an employee welfare benefit plan governed by ERISA. This basis for jurisdiction is consistent with general federal question jurisdiction under 28 U.S.C. § 1331, which gives the District Court jurisdiction over actions arising under the laws of the United States. For the purpose of processing this claim, Prudential had a degree of discretionary authority consistent with the definition of fiduciary set forth in 29 U.S.C. § 1002(21)(A)(iii).

6. This Court also has jurisdiction under 28 U.S.C. § 1335 in that the Defendants are of diverse citizenship and the amount in controversy exceeds $500.00. There is minimal diversity between the claimants under *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523 (1967). Upon information and belief, the defendants are citizens of California and Oklahoma.

7. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

8. Prudential issued employee term life coverage insurance plan number G-97000 to The Regents of the University of California (the "Plan").

9. As an eligible employee of University of California, Sherrie Martinez (the "Insured") received life insurance coverage under the Plan. *A copy of the Plan is attached hereto as **Exhibit A**.*

10. Plan participants who wish to designate beneficiaries to the Plan are required to make such designations on-line through their "At Your Service Online" human resources account with the University of California or by filling out University of California's "Designation of Beneficiary" form available from the University of California Benefits Department.

11. The Insured did not designate any beneficiaries to the Plan benefits.

12. Upon information and belief, the Insured died on March 10, 2018. *A copy of the Insured's Certificate of Death is attached hereto as **Exhibit B**.*

13. As a result of the death of the Insured, Plan Basic benefits in the amount of $50,000 (the "Death Benefit") became due to a beneficiary or beneficiaries and Prudential concedes liability to that effect.

14. Pursuant to the Beneficiary Rules of the Plan, if an insured makes no beneficiary designation, any life insurance proceeds due would be payable to the first of the following: (1) surviving spouse, registered domestic partner or domestic partner; (2) surviving child(ren); (3) surviving parents in equal shares; (4) surviving siblings in equal shares; (5) estate. *Exhibit A, p. 37.*

15. Upon information and belief, the Insured does not have a surviving spouse, domestic partner or surviving children. The Insured was survived by her father, Ricardo Martinez, her mother, Janet M. Blackwood, and her sisters, Shannan M. Loman and Sheryl A. Martinez.

///

16. Accordingly, pursuant to the Beneficiary Rules of the Plan the Death Benefit would be payable to Ricardo Martinez and Janet M. Blackwood, in equal shares.

17. By separate Absolute Assignments of Interest in Insurance Policy Proceeds dated May 18, 2018, Ricardo Martinez and Janet M. Blackwood assigned their rights to the Death Benefit to Sheryl A. Martinez. *Copies of the Absolute Assignments of Interest in Insurance Policy Proceeds dated May 18, 2018 are attached hereto as* **Exhibit C.**

18. Subsequent to the death of the Insured, Prudential was informed that Stewart Lucas Murrey was making an adverse claim to the Death Benefit based on a letter dated March 6, 2018, addressed to Prudential, in which the Insured purports to designate 12 beneficiaries to the Policy as follows: Shannon Loman, 20%, sister; Sheryl Martinez, 25%, sister; SPR LLC Stewart Lucas Murrey, 45%, significant other/small business; Shannon Sinsheimer, 2%, friend; Anne Lansdon, 1%, friend; Iriss Brion, 1%, friend; Christina Ruiz, 1%, friend; Cuong Tang, 1%, friend; Gale Kindberg, 1%, friend; Steve Clarke, 1.5%, friend; Kelsey Duff, .5%, friend; Mariposa County SPCA, 1%, charity. *A copy of the letter dated March 6, 2018 is attached hereto as* **Exhibit D.**

19. The letter dated March 6, 2018 was not received by Prudential prior to the death of the Insured, and therefore the beneficiary designations set forth therein were considered invalid.

20. By Absolute Assignment of Interest in Insurance Policy Proceeds dated May 18, 2018, Shannon Loman assigned her right to the Death Benefit to Sheryl A. Martinez. *A copy of the Absolute Assignment of Interest in Insurance Policy Proceeds dated May 18, 2018 is attached hereto as* **Exhibit E.**

21. The Mariposa County SPCA signed a disclaimer to the Death Benefit. *A copy of the Disclaimer is attached hereto as* **Exhibit F.**

22.	Shannon Sinsheimer, Anne Lansdon, Iriss Brion, Christina Ruiz, Cuong Tang, Gale Kindberg and Kelsey Duffey signed disclaimers to the Death Benefit which also assigned their rights to the Death Benefit to Sheryl A, Martinez. *Copies of the Disclaimers are attached hereto as* **Exhibit G.**

23.	There have been no other claims for the Death Benefit. Under the circumstances, Prudential cannot determine factually or legally who, amongst the remaining claimants, Stewart Lucas Murrey, Sheryl A. Martinez and Steve Clarke, is entitled to the Death Benefit and in what percentage. By reason of the actual or potential claims of the interpleading parties, Prudential is or may be exposed to multiple liability.

24.	Prudential is ready, willing and able to pay the Death Benefit, plus claim interest, if any, in accordance with the terms of the Plan to whomever this Court shall designate.

25.	As a mere stakeholder, Prudential has no interest (except to recover its attorneys' fees and cost in this action) in the Death Benefit and respectfully requests that this Court determine to whom said benefits should be paid.

26.	Prudential accordingly will deposit with the Court the Death Benefit, plus claim interest, if any, for disbursement in accordance with the judgment of this Court, or pursuant to an Order of the Court, will pay the Death Benefit directly to whomever this Court determines to be entitled to the proceeds.

27.	There is no fraud or collusion between Prudential and any of the other parties. Prudential brings these Claims for Interpleader of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, Plaintiff Prudential prays that the Court enter judgment:

(a)	requiring the Defendants to answer this Complaint in Interpleader and litigate their claims between themselves for the Death Benefit;

///

    (b)    requiring the Defendants to settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefit should be paid;

    (c)    permitting Prudential to deposit the amount of the Death Benefit, plus applicable claim interest, if any, into the Court or as this Court otherwise directs to be subject to the Order of this Court and to be paid out as this Court shall direct;

    (d)    discharging Prudential from any and all further liability to the Defendants that relates in any way to the Plan and/or the Death Benefit upon payment of the Death Benefit into the Registry of this Court or as otherwise directed by this Court;

    (e)    enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court in connection with payment of the Death Benefit or otherwise in connection with the Insured's coverage under the Plan;

    (f)    awarding Prudential its attorneys' fees and costs in their entirety; and

    (g)    awarding Prudential any other and further relief that this Court deems just and proper.

DATED:  August 10, 2018

Respectfully Submitted

By   /s/ John Walker
      John E. Walker
      Jennifer Yu Sacro
Attorneys for Plaintiff The Prudential Insurance Company of America